IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Louise Dinah Kelly, | ) | C/A No. 2:10-901-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    The plaintiff, Louise Dinah Kelly, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

    The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

    The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff alleges disability as of April 15, 2006 due to

depression, HIV, hyperlipidemia, migraines, vertigo, anxiety, anemia, borderline intellectual functioning, and a pancreatic cyst. The plaintiff was 41 years old at the time she alleges she became disabled. She testified that she believes she graduated from high school, but was not in regular classes. She has past relevant work experience as a part time cashier.

The plaintiff's four applications for DIB and SSI, filed between March 29, 2004 and April 17, 2006, were denied initially and upon reconsideration. The ALJ issued a decision in April 2009, finding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on April 12, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

At step one of the sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity since her April 2006 alleged onset date. At step two, the ALJ found that plaintiff had the following severe impairments: depression, human immunodeficiency virus (HIV), hyperlipidemia, migraines, vertigo, anxiety, anemia, borderline intellectual functioning, and a pancreatic cyst. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal a presumptively disabling impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Listings). The ALJ found that plaintiff did not meet Listing 12.05 because there were no significant deficits in adaptive functioning. Then, after assessing plaintiff's residual functional capacity, the ALJ concluded that plaintiff could return to her past relevant work and was therefore not disabled within the meaning of the Act.

4

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1)  failing to find that the plaintiff's low cognitive function in combination with other impairments, meets and/or equals the criteria of Listing 12.05(C); and

(2)  improperly relying on the plaintiff's past work attempts at varying stages of the sequential analysis.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge rejects both of the plaintiff's arguments finding that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed. For the reasons stated below, the court adopts the Magistrate Judge's recommendation and affirms the Commissioner's decision.

DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*Low Cognitive Function*

Plaintiff first contends that the ALJ failed to recognize that medical evidence established the presence of a disabling mental impairment listed in 12.05 of Appendix 1 to 20 C.F.R. § 404, Subpart P. Section or Listing 12.05 states in relevant part:

12.05 Mental Retardation and Autism:

Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period (before age 22) . . . The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
. . .
B.   A valid verbal, performance, or full scale IQ of 59 or less;

C.   A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitations of function;

20 C.F.R. pt. 404, Subpart P, App. 1, § 12.05.

The Magistrate Judge's Report correctly summarizes the applicable law in this area. Specifically, in order to be eligible under 12.05(C), the applicant must possess an IQ of between 60 and 70 and must have a physical or other mental impairment imposing an additional and significant work-related limitation or function. It appears to be undisputed that the plaintiff meets the IQ component of this part of the Listing.

The Magistrate Judge correctly points out, however, that every circuit that has considered the question has held that the plaintiff must also satisfy the diagnostic description in the introductory paragraph of Listing 12.05 as well as the IQ requirement of subpart D. The introductory section requires that the mental retardation must "refer to a significantly subaverage general intellectual functioning with deficits in adaptive behavior." Thus, according to the Magistrate Judge, the plaintiff must satisfy both the diagnostic portion of the introductory paragraph of Listing 12.05, in addition to the severity indicator in subpart D. Here, it is undisputed that the ALJ found the plaintiff to have made a qualifying IQ score, but failed to find evidence of deficits in adaptive functioning as required by the introductory paragraph.

6

Before the Magistrate Judge, plaintiff argued that the ALJ made no attempt to evaluate whether she had failures of adaptive functioning prior to age 22. The Magistrate Judge points out that the critical point in this case is that the ALJ found no issues with adaptive functioning at the present time, and it is the present day adaptive functioning rationale which must be applied in a determination of disability.

*Plaintiff's Work Attempts*

The Magistrate Judge then went on to discuss the second principal argument made below. That is, the argument that the ALJ incorrectly relied upon plaintiff's intermittent attempts at work throughout her life, to defeat the listing at Section 12.05, which is step 3 of the sequential analysis. The Magistrate Judge concedes that the ALJ greatly overstated plaintiff's attempts at work, including the amount of money she earned during these attempts, but contends that the error, if any, is harmless. The Magistrate Judge concludes that the listing analysis is supported by other substantial evidence and that the decision of the ALJ should stand even if the ALJ's reliance on prior work attempts was improvident.

The Magistrate Judge points out that the ALJ considered the plaintiff's mild restrictions and activities of daily living, including a physical examination and the plaintiff's ability to tend to her own needs and care for her nephews. Also cited was the plaintiff's credibility issues, including missed doctor appointments, the success of medications, and potential manipulation of test results.

In the opinion of the Magistrate Judge, the plaintiff has not been able to explain how the outcome might have been different if the ALJ had not relied upon her attempts at post work during various stages of the consideration.

7

The plaintiff's objection memorandum is essentially a restatement of the argument made before the Magistrate Judge. Specifically, it is argued that the Report and Recommendation is inconsistent with the holding in *Luckey v. U.S. Dept. of Health & Human Servs.*, 890 F.2d 666, 669 (4th Cir. 1989), which holds that the Commissioner may not rely upon previous work history to prove non-disability where Section 12.05(C) is met. The objections then point that the ALJ missed the mark in determining the significance of the prior work history, mistakenly assuming that the plaintiff had earned slightly over $4,000 per year. It is argued that the claimant meets the Listings at 12.05(C) which should produce a step 3 award. The plaintiff argues that by emphasizing her work history, which is marginal, as evidence of a lack of adaptive functioning, the Commissioner inverted the sequential evaluation by putting the plaintiff's ability to work before the issue of whether a listing is met.

All of this was carefully considered by the Magistrate Judge and rejected. As noted above, the Magistrate Judge determined that any reliance on prior work history was harmless in light of the other factors relied upon by the Magistrate Judge to determine that plaintiff had not shown sufficient evidence of deficits in adaptive functioning.

Having fully considered the entire record in this case, this could concludes that the Magistrate Judge's recommended disposition is correct and that the decision of the Commissioner should be affirmed.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review

is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

September 19, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge